**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-2188**

AMBER BEN-DAVIES,

        Plaintiff - Appellant,

    v.

BLIBAUM & ASSOCIATES, P.A.,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:16-cv-02783-JFM)

Submitted: March 10, 2017                   Decided: June 1, 2017

Before SHEDD, KEENAN, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

E. David Hoskins, Doris N. Weil, THE LAW OFFICES OF E. DAVID HOSKINS, LLC, Baltimore, Maryland, for Appellant. Samuel Blibaum, Nina Basu, BLIBAUM & ASSOCIATES, PA, Towson, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amber Ben-Davies appeals the district court's order granting Defendant Blibaum & Associates, P.A. (Blibaum)'s Fed. R. Civ. P. 12(b)(1) motion and dismissing her civil action for lack of subject matter jurisdiction. Ben-Davies' complaint alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p (2012), the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law, §§ 14-201 to 14-204 (LexisNexis 2013 & Supp. 2016), and the Maryland Consumer Protection Act (MCPA), Md. Code Ann., Com. Law, §§ 13-101 to 13-501 (LexisNexis 2013 & Supp. 2016). The district court dismissed the FDCPA count for lack of standing under Article III of the Constitution, concluding that Ben-Davies had not established an injury in fact. The court also dismissed the MCDCA and MCPA claims for lack of supplemental jurisdiction. Ben-Davies appeals and challenges the district court's ruling on Article III standing. We vacate and remand for further proceedings.

I.

A.

We review de novo the district court's decision to dismiss for lack of standing. *Beck v. McDonald*, 848 F.3d 262, 269 (4th Cir. 2017).

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. "One element of the case-or-controversy requirement is that plaintiff[] must establish that [she] ha[s] standing to sue." *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) (internal quotation marks omitted). Article III standing is present if the plaintiff establishes that she "(1) suffered an injury in

2

fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). This appeal concerns injury in fact, "the first and foremost of standing's three elements." *Id.* (internal quotation marks and alteration omitted).

The injury in fact requirement is not limited to financial or economic losses. *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 366 (4th Cir. 2015). Rather, an injury in fact is present if the plaintiff "show[s] that . . . she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, 136 S. Ct. at 1548 (internal quotation marks omitted). To qualify as "particularized," an injury "must affect the plaintiff in a personal and individual way." *Id.* (internal question marks omitted). To qualify as "concrete," an injury "must be de facto; that is, it must actually exist." *Id.* (internal quotation marks omitted). "'Concrete' is not, however, necessarily synonymous with 'tangible,'" and intangible injuries nevertheless may qualify as concrete. *Id.* at 1549.

As injury in fact is a constitutional requirement, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." *Id.* at 1547-48 (internal quotation marks omitted). Indeed, "Article III standing requires a concrete injury even in the context of a statutory violation"; a "bare procedural violation, divorced from any concrete harm," is not sufficient to satisfy the injury in fact requirement. *Id.* at 1549.

Blibaum's Rule 12(b)(1) motion raised a facial challenge to subject matter jurisdiction over Ben-Davies' FDCPA claim. *See Kerns v. United States*, 585 F.3d 187,

192 (4th Cir. 2009). Thus, in evaluating the district court's order, this court affords Ben-Davies "the same procedural protection as [s]he would receive under [Fed. R. Civ. P.] 12(b)(6) consideration" and takes "as true" the facts alleged in her complaint. *Id.* (internal quotation marks omitted). Additionally, under Rule 12(b)(6), we consider documents explicitly incorporated into the complaint by reference, as well as documents submitted by a movant (that were not attached to or expressly incorporated into the complaint) that do not conflict with the allegations and that are integral to the complaint and authentic. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164-66 (4th Cir. 2016).

B.

The FDCPA protects consumers from abusive and deceptive debt collection practices. *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." *Id.* § 1692a(5). A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. In this regard, the FDCPA prohibits "[t]he false representation of . . . the

4

character, amount, or legal status of any debt." *Id.* § 1692e(2)(A). An erroneous statement of the amount of a debt owed qualifies as misleading or deceptive under the FDCPA. *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1306 (11th Cir. 2015) (citing *Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318, 1318 (8th Cir. 2000) (per curiam)). The FDCPA also prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. This section prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1). To trigger civil liability against a debt collector, a consumer need only prove one violation of the FDCPA. *Id.* § 1692k(a).

## II.

After review of the record and the parties' briefs in light of the foregoing, we conclude that Ben-Davies established an injury in fact under Article III for her claim under the FDCPA. Ben-Davies alleged that she was a consumer, that Blibaum acted as a debt collector, and that Blibaum attempted to collect from her a debt arising out of a state court judgment by demanding payment of an incorrect sum based on the calculation of an interest rate not authorized by law. This was not a case where the plaintiff simply alleged "a bare procedural violation [of the FDCPA], divorced from any concrete harm." *Spokeo, Inc.*, 136 S. Ct. at 1549. Indeed, Ben-Davies' complaint alleged that, as a "direct consequence" of Blibaum's alleged violations of the FDCPA's proscribed practices, she "suffered and continues to suffer" actually existing intangible harms that affect her personally: "emotional distress, anger, and frustration." Ben-Davies thus sufficiently established the

5

existence of an injury in fact,[*] and Blibaum has not asserted that such an injury is anything other than traceable to its alleged violations of the FDCPA and could not be redressed by a favorable judicial decision.

## III.

Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We reject as wholly meritless Blibaum's reliance on the district court's August 31, 2016, order in *Alston v. Experian Info. Sols., Inc.*, No. 8:15-cv-03558-PJM (D. Md.), to support the ruling by the district court in this case. Further, Blibaum's conveyance to Ben-Davies of an offer to settle and her non-payment on the state court judgment are not factors supporting the conclusion that she suffered no injury as a consequence of Blibaum's alleged communication to her of inaccurate information regarding the amount of the debt and demand of payment calculated based on an improper interest rate. *Cf. Spokeo, Inc.*, 136 S. Ct. at 1549-50.